IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00349

SAFE STREETS ALLIANCE, PHILLIS WINDY HOPE REILLY, and MICHAEL P. REILLY,

Plaintiffs,
v.

ALTERNATIVE HOLISTIC HEALING; CAMP FEEL GOOD; 6480 PICKNEY, LLC; JASON LICATA; JOSEPH LICATA; and PARKER WALTON,

Defendants.

**MOTION TO DISMISS**

## INTRODUCTION

Plaintiffs' complaint is an improper attempt to federalize a local land-use matter. It is also a legally unsupported effort to undermine the State of Colorado's marijuana regulatory scheme. The complaint should be dismissed because it does not satisfy RICO's rigorous proximate cause standard, was filed by plaintiffs who lack standing, and does not present a ripe controversy.

Plaintiff's Safe Streets Alliance, Phillis Windy Hope Reilly, and Michael P. Reilly, are clearly unhappy with the defendant's plans to build a marijuana grow next to their land in Rye, Colorado. What Safe Streets interest in the property is, though, is never made clear in the complaint. They apparently just disapprove of marijuana in general. Unfortunately for the Plaintiffs, Civil RICO does not provide them with the remedy that they desire. Recent Supreme Court cases directly refute all of the Plaintiffs' claims.

Accordingly, Plaintiffs' complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Further, because Plaintiffs' theory for relief depends on arguments rejected by the Supreme Court, the complaint should be dismissed without leave to amend. Supreme Court doctrine directly refutes Plaintiffs' frivolous legal theories.

## ARGUMENT

**Standard of Review**

The legal sufficiency of a complaint is a question of law. Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009). At its most basic level, a complaint is legally sufficient if it contains "enough facts to state a claim to relief that is plausible on its face." Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."

Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999) (internal quotation omitted).

Fed. R. Civ. P. 8(a) does not require detailed factual allegations, but it does require more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" Id., quoting *Twombly*, 550 U.S. at 554. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id., quoting Twombly, 550 U.S. at 557. Accordingly, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S.Ct. at 1951. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." Id., citing Fed. R. Civ. P. 8(a)(2).

The purpose of a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts ... to provide 'plausible grounds that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okl.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility in this context "must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across

the line from conceivable to plausible." Robbins v. Oklahoma, 519 F.3d 1242, 1247–48 (10th Cir. 2008)

To plead a civil RICO claim under 18 U.S.C. § 1964(c), a plaintiff must allege: (i) the each Defendant "conducted" or "participated in," (ii) the affairs of an "enterprise," (iii) through a "pattern of racketeering activity." *Bixler v. Foster*, 596 F.3d 751, 760–61 (10th Cir. 2010). In addition, a civil RICO plaintiff must allege facts showing that he/she/it was "injured in his business or property by reason of" the acts of the enterprise. 18 U.S.C. § 1964(c); see *CGC Holding Co., LLC v. Broad & Cassel*, —— F.3d ——, 2014 WL 6872148 (10th Cir. Dec. 8, 2014) (slip op.) ("the plaintiff is required to show that a RICO predicate offense 'not only was a 'but for' cause of his injury, but was the proximate cause as well"). The element of an "enterprise" refers to a "group of persons [or entities] associated together for a common purpose of engaging in a course of conduct." *Boyle v. U.S.*, 556 U.S. 938, 944 (2009). An enterprise's participants must share a common purpose or objective, and the enterprise must have some degree of continuity or longevity, sufficient to permit the members of the enterprise to pursue that purpose. *Id.* at 946. It is not, however, necessary to plead that the enterprise had a formal structure or clear chain of command or fixed membership. *Id.* at 948. A "pattern" of racketeering activity is pled by alleging at least two predicate acts that are related and demonstrate continuing unlawful conduct. *U.S. v. Kamahele*, 748 F.3d 984, 1002 (10th Cir. 2014).

I. **Plaintiff's RICO claim fails because they did not suffer "concrete" injuries whatsoever, let alone that any defendant was the proximate cause of.**

The plaintiffs allege no damages in their complaint. There are repeated requests that the defendants pay the Plaintiffs for their damages. There are repeated requests that the defendants pay the plaintiffs legal fees. But as far as actual damage allegations go, there are none listed. There is speculative injury to property value, plain and simple. The Complaint fails to plead facts sufficient to allege an existing, concrete, financial injury. Injury to business or property requires proof of a concrete financial loss and not merely injury to a valuable intangible

property interest. *Ivar v. Elk River Partners*, LLC, 705 F.Supp.2d 1220, 1232 (D. Colo. 2010). The fact that the Reilly's believe that they will incur injury to property value does not substantiate that it will occur. Under RICO's civil remedies provision, 18 U.S.C. § 1964(c), " 'a plaintiff has standing to bring a RICO claim only if he was injured in his business or property by reason of the defendant's violation of § 1962.' *Gillmor v. Thomas*, 490 F.3d 791, 797 (10th Cir.2007) (quoting Deck v. Engineered Laminates, 349 F.3d 1253, 1257 (10th Cir.2003)). As a basic rule, injury to business or property " 'requires proof of a concrete financial loss and not merely injury to a valuable intangible property interest.' " *Maio v. Aetna, Inc.*, 221 F.3d 472, 483 (3d Cir.2000) (quoting Steele, 36 F.3d at 70). *See also McLaughlin v. Am. Tobacco Co.,* 522 F.3d 215, 227 (2d Cir.2008) ("A plaintiff asserting a claim under 18 U.S.C. § 1964(c) must allege *actual*, quantifiable injury.") (emphasis in original); *Regions Bank v. J.R. Oil Co.,* 387 F.3d 721, 728 (8th Cir.2004) (" '[A] showing of injury requires proof of concrete financial loss, and not mere injury to a valuable intangible property interest.' " (quoting *Steele,* 36 F.3d at 70)); *In re Taxable Municipal Bond Sec. Litig.*, 51 F.3d 518, 523 (5th Cir.1995) (noting that RICO does not protect an "intangible property interest"); *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607 (5th Cir.1998) ("Injury to mere expectancy interests or to an 'intangible property interest' is not sufficient to confer RICO standing."); *In re Bridgestone/Firestone, Inc. Tires Products Liability Litig.*, 155 F.Supp.2d 1069, 1090 (S.D.Ind.2001) ("Federal courts have consistently and repeatedly held that to satisfy the injury requirement of section 1964, a plaintiff must prove an actual, concrete, monetary loss.").

The United States Supreme Court addressed the proximate cause requirement under RICO in *Hemi Group, LLC v. City of New York*, 559 U.S. 1, 130 S.Ct. 983, 989, 175 L.Ed.2d 943 (2010):

> [T]o state a claim under civil RICO, the plaintiff is required to show that a RICO predicate offense "not only was a 'but for' cause of his injury, but was the proximate cause as well." Proximate cause for RICO purposes ... should be evaluated in light of its common-

*law foundations; proximate cause thus requires "some direct relation between the injury asserted and the injurious conduct alleged." A link that is "too remote," "purely contingent," or "indirec[t]" is insufficient. Cf. Bixler v. Foster, 596 F.3d 751, 756 (10th Cir.2010) (noting that a plaintiff's injuries must be proximately caused by the RICO violation). See also Henson v. Bank of Am.*, 935 F. Supp. 2d 1128, 1140 (D. Colo. 2013).

Safe Streets does not allege any injury in their complaint, the Reilly's detail that they are concerned about property values and the use of their land, but they don't explain how the defendant's planned actions are the proximate cause of their damages – because they have incurred no damages. This court cannot grant relief for an injury which has certainly not occurred, and potentially may never occur. "there is no allegation that Plaintiffs ever tried to sell their lots. Simply because the properties did not appraise at the represented value does not mean they could not have been sold for that value—or more. Without attempting to realize the 'promised' profit, any injury would be speculative at best." *Ivar.* at 1235. RICO's private right of action is granted by *18 U.S.C. § 1964(c)*, which provides that "any person injured in his business or property by reason of [illegal racketeering activity]" may bring a civil RICO suit. *18 U.S.C. § 1964(c)*. The Supreme Court has interpreted the language "by reason of" to require a civil RICO plaintiff to plead that the alleged RICO violation was the "proximate cause" of the plaintiff's injury, *Holmes v. Sec's Investor Protection Corp.*, 503 U.S. 258, 268 (1992), or, in other words, that the plaintiff was "directly injured" by the allegedly unlawful acts, *id.* at 273.There is no injury to the Reillys; and certainly to Safe Streets who could *be* anybody, or nobody, for all that this court has been informed of. Furthermore, nothing in the amended complaint alleges direct injury to the Reillys' property by the actions of any defendant. The Reillys are requesting that this court moves forward on purely speculative injuries, which has no legal basis.

## II. Plaintiff's RICO claim fails because the defendants are not an enterprise, instead they are a collection of individuals, with unrelated purposes.

The plaintiffs are grasping at straws in their attempts to link the defendants together. The defendants, if they did anything together at all, engaged in one solitary act together: a desire to grow marijuana at 6480 Pickney Road. That is the sole act for which all defendants can be said to have had any activity in. The plaintiffs are required to show not only that *each* predicate act was not only the "but for", but also the proximate cause of the injuries. Even if this court is to hold that the plaintiffs have endured some injury, none of the defendant's actions are the proximate cause of those injuries.

To plead a civil RICO claim under 18 U.S.C. § 1964(c), a plaintiff must allege: (i) the each Defendant "conducted" or "participated in," (ii) the affairs of an "enterprise," (iii) through a "pattern of racketeering activity." *Bixler v. Foster,* 596 F.3d 751, 760–61 (10th Cir. 2010).

There is no pattern here. Defendants Alternative Holistic Healing, Joseph Licata, Pickney 6480, Jason Licata, Parker Walton, and Camp Feel Good agreed to grow marijuana for sale. They didn't agree to sell marijuana, there is no sales contract between Alternative Holistic Healing and any entity related to the future grow operation located at 6480 Pickney. Because of the nature of the retail marijuana industry in Colorado, the grow which does not yet exist but may exist at some point at 6480 Pickney, can sell marijuana to any dispensary in the state that is licensed to sell retail marijuana. The Licata's interest in the grow may or may not be related to their dispensary in Blackhawk, CO. There is no information that the Plaintiffs could have that would allow them to prove a link though, because no link exists now and none existed at the time of filing.

A civil RICO plaintiff must allege facts showing that he/she/it was "injured in his business or property by reason of" the acts of the enterprise. *18 U.S.C. § 1964(c)*; see *CGC Holding Co., LLC v. Broad & Cassel,* —— F.3d ——, 2014 WL 6872148 (10th Cir. Dec. 8, 2014) (slip op.) ("the plaintiff is required to show that a RICO predicate offense 'not only was a 'but for' cause of

his injury, but was the proximate cause as well"). None of the acts that the plaintiffs allege the six defendants in the caption have allegedly committed have resulted in any injury to the plaintiffs.

The element of an "enterprise" refers to a "group of persons [or entities] associated together for a common purpose of engaging in a course of conduct." *Boyle v. U.S.,* 556 U.S. 938, 944 (2009). An enterprise's participants must share a common purpose or objective, and the enterprise must have some degree of continuity or longevity, sufficient to permit the members of the enterprise to pursue that purpose. *Id.* at 946. It is not, however, necessary to plead that the enterprise had a formal structure or clear chain of command or fixed membership. *Id.* at 948. *Gibbs-Squires v. Urban Settlement Servs.*, No. 14-CV-00488-MSK-CBS, 2015 WL 196217, at 5 (D. Colo. Jan. 14, 2015).

### III. Plaintiff's RICO claim fails because they do not allege the required direct injury to themselves as a result of the Defendants' conduct.

None of the injuries alleged by the Plaintiffs are *directly* related to the alleged racketeering activity. Under Supreme Court precedent, the Plaintiffs' lack the direct causal relationship needed to maintain a Civil RICO claim. The proximate cause requirement for purposes of a civil RICO claim is more stringent than for other claims. "But for" causation is plainly insufficient. *Holmes v. Sec's Investor Protection Corp., 503 U.S. 258, 268 (1992)*. And the fact that defendants' conduct caused "foreseeable" harm also is not enough. *Hemi Group, LLC v. City of New York*, 559 U.S. 1, 12 (2010). Rather, proximate cause in the RICO context requires that plaintiff's alleged harm be a "direct" result of the defendants' alleged racketeering. *Holmes*, 503 U.S. at 273; *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006) ("When a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries."). A civil RICO plaintiff must be the "direct victim," or the "intended target," of defendants' conduct. *Anza,* 547 U.S. at 458 (upholding dismissal of civil RICO claim because the plaintiff was not the "direct victim" of the

defendants' alleged conduct); *Hamm v.Rhone-Poulenc Rorer Pharms.*, 187 F.3d 941, 952 (8th Cir. 1999) ("Because appellants were not the intended targets of the alleged racketeering activity, they did not have standing to bring a civil RICO suit."); *Abrahams v. Young & Rubicam*, 79 F.3d 234, 238 (2d Cir. 1996) ("Abrahams's failure to establish a RICO claim stems from the fact that he was not the target of the racketeering enterprise."), overruled on other grounds (regarding state-law defamation claims), *Torosyan v. Boegringer Ingelheim Pharms.*, 662 A.2d 89, 103 (Conn. 1995); Lewis ex rel. *Am. Express Co. v. Robinson*, 39 F.3d 395, 400 (2d Cir. 1994) (noting that RICO's proximate causation standard requires the plaintiff to be the "intended target[] of the RICO violation"); *Pujol v. Shearson/Am. Express, Inc.*, 829 F.2d 1201, 1205 (1st Cir. 1987)(dismissing civil RICO claim because plaintiff was not the "target of any of the acts pleaded as 'predicate acts' in the RICO claim"); *Weaver v. Bratt*, 421 F. Supp. 2d 25, 37 (D. D.C. 2006)(dismissing civil RICO case because "the plaintiff was not the intended target of the alleged actions taken by the . . . defendants"). It is insufficient that defendants' actions caused a nonparty to act in a manner that then harms the plaintiff. *See also Hemi*, 559 U.S. at 11 (holding that proximate cause did not exist when the plaintiff's civil RICO damages rested on "separate actions carried out by separate parties") (emphasis omitted).

Safe Streets alleges no harm from the named Defendants conduct, and the Reillys allege injuries which are difficult, if not impossible, to connect to the damages the Reillys' claim. For example, one of the racketeering activities that the Reillys wish to link to their injuries to phone calls they imagine that the named Defendants have made to one another for various purposes related to their planned marijuana operation. They don't allege a link between the activity and their injuries though. The Plaintiffs want this court to believe that the use of a telephone can lower property values. Even if true, the damages require that a non-party acts in order for them to be realized. Because use and enjoyment is not a proper injury in this court, due to its psychic nature, only the property value claims should be addressed.

### IV. Plaintiff's RICO claim fails because they did not allege any injuries to SAFE STREETS ALLIANCE which would allow them to remain as plaintiffs

Safe Streets is attempting to use this complaint as some sort of publicity stunt, but they have no standing to bring a claim in this court because they have suffered no injuries. An organization can pursue associational standing only if it can establish that: "(1) its members would otherwise have standing to sue in their own right; (2) the members' interests that the association seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of the individual members in the lawsuit." *Chamber of Commerce of U.S. v. Edmondson*, 594 F.3d 742, 756 (10th Cir. 2010). Here, without any injury being claimed, Safe Streets lacks standing to bring a claim on its own. Donation to the Safe Streets cause does not give any Colorado resident standing, and Safe Streets doesn't allege some sort of emotional harm from the mere presence of marijuana in the universe. Furthermore, Safe Streets have no standing against the defendants, because essentially as a nameless, faceless, locationless entity, they could bring Civil RICO claims against every marijuana business in Colorado. Safe Streets alleges no injury related to the captioned defendants. Furthermore, Safe Streets claims that the property on Dahlia Street is lowering property values is ludicrous and unsubstantiated by facts. 1497 S Fairfax St, Denver, CO 80222, is .8 miles from the marijuana business and sold on April 10, 2015 for $405,000, it had been listed at $393,000. 1560 S Hudson St, Denver, CO 80222, is 1.0 miles from the marijuana business. It was listed for $370,000, it sold for $379,000. It had previously sold for $240,000 in 2014, 2 years after marijuana legalization. 1662 S Glencoe St, Denver, CO 80222 is .7 miles from the marijuana business. It sold on January 7, 2015 for $321,000. It sold *again* on April 15, 2015 for $449,500.[1] If anything, it appears that a marijuana business drives up prices in a neighborhood – or that real estate prices are insensitive to a legal business.

---

[1] All sourced from Zillow.com then verified at the Denver County Assessor's Office.

V. **Plaintiffs have failed to identify any actual injury to themselves, and therefore this court lacks subject matter jurisdiction over the complaint.**

The claims that the plaintiff's make as to their injuries are speculative at best, and subjective at worst. Plaintiffs provide no proof that they have suffered injury, and because there is no injury in fact in this case, this court lacks subject matter jurisdiction over this complaint.

In order to file a complaint which can be heard by this court, Safe Streets et. Al must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, see *Allen v. Wright*, 468 U.S. 737, 756 (1984) and (b) "actual or imminent, not 'conjectural' or 'hypothetical,' " *Whitmore*, supra, 495 U.S., at 155, 110 S.Ct., at 1723.

Here, no concrete injury is alleged. The plaintiffs allege that their use and enjoyment of the property may be interfered with (See ¶s 85, 87, 89, 102, 109, 116, 122) but Colorado doesn't recognize claims for psychic injury. "Although I acknowledge that this psychic injury may in fact cause Mr. Tutchton some degree of harm, the Supreme Court has considered and dismissed similar injuries as insufficient for purposes of the standing inquiry. *See Lujan*, 504 U.S. at 565, 112 S.Ct. 2130." *WildEarth Guardians v. Salazar*, 834 F. Supp. 2d 1220, 1225 (D. Colo. 2011). The plaintiffs allege that the marijuana grow "once it is complete…will emit pungent odors." *Plaintiff's complaint,* ¶ 3, 89. The injury alleged though is speculative. The structure does not exist, contains no marijuana, and at which date it does in fact contain marijuana, will have a state of the art filtration system to control odor – something that the plaintiffs land does not possess to control the odor of the animal waste contained on the land. As to what injuries Safe Streets could possibly endure, that is a mystery to the defendants. Safe Streets appears to be an organization dedicated to enforcing racist and race-biased laws. There is no public member list, and no information on where they are located on their website. There is no contact nor address information. As they appear not to exist beyond a website, and thus could not suffer any injury from activities which are planned to occur in Rye, Colorado, and according to the plaintiffs complaint, as of yet, have been strictly limited to intellectual crimes. That the Reilly plaintiffs will suffer injuries in the form of an inability to enjoy their land is

hypothetical, at best. That plaintiff Safe Streets will suffer *any* injury appears to be totally conjecture, as they allege no injury in the complaint.

Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... the result of the independent action of some third party not before the court." *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41–42, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450 (1976). The plaintiffs allege no sort of causal connection between their injuries and the alleged activities. That the Defendants may have broken federal law does not mean that the high bar for sustaining a Civil RICO complaint has been met. The Plaintiffs claim that the Defendant's actions have "injured the value of the Reillys' property." The Reilly's own three lots in the subdivision located next to the proposed marijuana grow, lots 1, 2, and 6. The Reillys paid $35,000 for lot 1, $34,900 for lot 2, and $29,900 for lot 3; in 2014.[2] In 2015, the value of Lot 1 increased 8.4% in value, Lot 2 increased 1.8% in value, and Lot 6 increased 8.9% in value.[3] The court must then conclude that the planned marijuana operation has increased the value of the Reillys' properties, in which case there is no injury – or that the fact that the marijuana operation does not exist yet means that the Plaintiffs' claims are not yet ripe.

Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Id.*, at 38, 43, 96 S.Ct., at 1924, 1926. 567 The party invoking federal jurisdiction bears the burden of establishing these elements. See *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 608, 107 L.Ed.2d 603 (1990); *Warth*, supra, 422 U.S., at 508, 95 S.Ct., at 2210. Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation. See *Lujan v. National*

---

[2] All information taken from the Pueblo County Assessor. http://county.pueblo.org/government/county/assessor
[3] *Id.*

*Wildlife Federation*, 497 U.S. 871, 883–889, 110 S.Ct. 3177, 3185–3189, 111 L.Ed.2d 695 (1990); *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 114–115,(citations omitted). As the Plaintiffs have not established these elements, and it has been shown that the marijuana operation has not negatively impacted the Plaintiffs' property, this court must conclude that there has not even been an injury for this court to address, and thus the complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Camp Feel Good, Jason Licata, Joseph Licata, Alternative Holistic Healing, Parker Walton, and 6480 Pickney, LLC, respectfully request that the Court dismiss the complaint without leave to amend. Plaintiffs cannot salvage their complaint via amendment; the injuries they allege are speculative, and therefore not ripe for a claim, thusly, their complaint should be dismissed pursuant to F.R.C.P 12(b)(6) and 12(b)(1).

Respectfully submitted this 30th day of April, 2015.

/s/Matthew W. Buck
Matthew W. Buck
Corry & Associates
437 W. Colfax Ave Ste 300
303-999-0512
buck@robcorry.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April, 2015, I electronically filed the foregoing MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system which will send notification to such filing to the following e-mail addresses:

| | |
|---|---|
| David H. Thompson<br>Charles J. Cooper<br>Brian Wesley Barnes<br>Cooper & Kirk PLLC<br>1523 New Hampshire Avenue, N.W.<br>Washington, DC 20036<br>dthompson@cooperkirk.com<br>ccooper@cooperkirk.com<br>bbames@cooperkirk.com<br><br>Frederick Richard Yarger<br>Claudia B. Goldin<br>Douglas J. Cox<br>Sueanna P. Johnson<br>Colorado Attorney General's Office 1300 Broadway Denver, CO 80203<br>fred.yarger@state.co.us<br>claudia.goldin@state.co.us<br>douglas.cox@state.co.us<br>sueanna.Johnson@state.co.us<br><br>James V. Pearson<br>Sean Paris<br>Pearson & Paris, P.C.<br>14142 Denver West Parkway Building 51<br>Suite 200<br>Lakewood, CO 80401<br>jpearson@rockymountain-law.com<br>sparis@rockyMountain-law.com | Kathryn A. Reilly<br>James N. Boeving<br>Michael O'Donnell<br>Wheeler Trigg O'Donnell LLP<br>370 17th Street Suite 4500<br>Denver, CO 80202<br>reilly@wtotrial.com<br>boeving@wtotrial.com<br>odonnell@wtotrial.com<br><br>Timothy P. Schimberg<br>Fowler, Schimberg & Flanagan, P.C.<br>1640 Grant Street, Suite 150<br>Denver, CO 80203<br>t_schimberg@fsf-law.com<br><br>Gregory Styduhar<br>Pueblo County Attorney's Office<br>215 W. 10th Street Room 312<br>Pueblo, CO 81003<br>styduharg@co.pueblo.co.us<br><br><br>Josh Adam Marks<br>Berg Hill Greenleaf & Ruscitti, LLP<br>1712 Pearl Street<br>Boulder, CO 80302<br>303-402-1600<br>Fax: 303-402-1601<br>Email: jam@bhgrlaw.com |