**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 1:15-cv-00349-REB-CBS

SAFE STREETS ALLIANCE,
PHILLIS WINDY HOPE REILLY, and
MICHAEL P. REILLY,

    Plaintiffs,

v.

ALTERNATIVE HOLISTIC HEALING, LLC, d/b/a Rocky Mountain Organic,
JOSEPH R. LICATA,
JASON M. LICATA,
6480 PICKNEY, LLC,
PARKER WALTON,
CAMP FEEL GOOD, LLC,
ROGER GUZMAN,
BLACKHAWK DEVELOPMENT CORPORATION,
WASHINGTON INTERNATIONAL INSURANCE CO.,
**JOHN W. HICKENLOOPER, JR., in his official capacity as Governor of Colorado**,
**BARBARA J. BROHL, in her official capacity as Executive Director of the Colorado Department of Revenue**,
**W. LEWIS KOSKI, in his official capacity as Director of the Colorado Marijuana Enforcement Division**, **and**
**PUEBLO COUNTY LIQUOR & MARIJUANA LICENSING BOARD**,

    Defendants.

---

### ORDER GRANTING MOTIONS TO SEVER

---

**Blackburn, J.**

The matters before me are: (1) **State Defendants' Motion To Sever Count VII of Plaintiffs' Complaint Into a Separate Civil Action or, Alternatively, To Bifurcate That Claim** [#51],[1] filed March 19, 2015; and (2) the **Pueblo Defendants' Motion To**

---

[1] "[#51]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

**Sever the Preemption Claims From Plaintiffs' Complaint or, Alternatively, To Bifurcate Those Claims** [#62], filed April 1, 2015.  I have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question).  I grant the motions to sever.

By this lawsuit, plaintiffs seek a ruling from this court on the legality *vel non* of Colorado's Amendment 64, which legalized the possession of recreational marijuana in the state.  The present motions implicate the so-called "preemption counts" of plaintiffs' **Complaint** [#1], filed February 19, 2015.  Count VII is brought against Colorado Governor John W. Hickenlooper; Barbara J. Brohl, the Executive Director of the Colorado Department of Revenue; and W. Lewis Koski, Director of the Colorado Marijuana Enforcement Division, all in their official capacities.  Count VIII is brought against the Pueblo County Liquor & Marijuana Licensing Board.  Both such claims are purportedly brought directly under the Supremacy Clause, claiming that Colorado's Amendment 64 is preempted by the federal Controlled Substances Act.  By these motions, defendants ask the court to sever these counts from the remainder of the lawsuit, which alleges RICO violations as against a number of private entities and individuals involved in the marijuana retail trade in Colorado.

A court may, on motion or on its own, "sever any claim against a party" during any stage of the proceeding and on such terms as are just.  **FED. R. CIV. P.** 21.  The Tenth Circuit has provided little guidance regarding when a motion for severance should be granted, and specifically has not opined as to whether misjoinder is a prerequisite to

severance.[2]  Nevertheless, and although plaintiffs suggest that severance is inappropriate in the absence of misjoinder, courts in this circuit generally have found that misjoinder is not a prerequisite to severance.  **See WildEarth Guardians v. U.S. Office of Surface Mining Reclamation & Enforcement**, 2014 WL 503635 at *2 (D. Colo. Feb. 7, 2014); **Starr v. City of Lakewood**, 2008 WL 4861955 at *1 (D. Colo. Nov. 10, 2008); **Bicycle Peddler, LLC v. John Does 1-177**, 2013 WL 1103473 (D. Colo. Mar. 15, 2013); **Tab Export International v. Aviation Simulation Technology**, 215 F.R.D. 621,622 (D. Kan. 2003).[3]  **But see Schudel v. Miller**, 2013 WL 1815730 at *5 (D. Colo. Apr. 29, 2013);[4] **Magluta v. U.S. Federal Bureau of Prisons**, 2013 WL 1151815 at *2 (D. Colo. Mar. 19, 2013).

I concur in these decisions.  The language of Rule 21 is very broad.  **See FED. R. CIV. P.** 21 ("On motion, or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party.").  The court therefore retains significant discretion in determining whether severance is appropriate.

---

[2] By contrast, the Tenth Circuit has provided considerably more guidance regarding the standards for misjoinder under Rule 21.  **See, e.g.**, **Ravenswood Investment. Co. v. Avalon Corr. Services**., 651 F.3d 1219, 1224 (10th Cir. 2011); **Nasious v. City & County of Denver-Denver Sheriff's Department**, 415 Fed. Appx. 877, 881 (10th Cir. 2011); **Bradsaw v. Lappin**, 320 Fed. Appx. 846, 849 (10th Cir. 2009); **Shaw v. AAA Engineering & Drafting Inc.**, 138 Fed. Appx. 62, 66-67 (10th Cir. 2005); **Jones v. Berry**, 33 Fed. Appx. 967, 973 n.7 (10th Cir. 2002).

[3] These holdings also are in line with those of other federal courts of appeals.  **See, e.g.**, **Safeco Insurance Co. v. City of White House**, 36 F.3d 540, 545-46 (6th Cir. 1994); **Wyndham Associates v. Bintliff**, 398 F.2d 614, 618 (2nd Cir. 1968); **Sporia v. Pennsylvania Greyhound Lines**, 143 F.2d 105, 105 (3rd Cir. 1944).

[4] Although **Schudel** was assigned to me, the dispositive order denying severance in that case was entered by the magistrate judge, and no objection to that order was ever submitted to this court for review of that determination.  My own review of the legal authority in this area convinces me that severance is not tied to misjoinder.  Nevertheless, the preponderant question in determining misjoinder is whether the claims arise from the same transaction or occurrence.  **See Nasious**, 415 Fed. Appx. at 880.  As I note herein, I find this factor is not satisfied in this case in any event.

***New York v. Hendrickson Brothers, Inc***., 840 F.2d 1065, 1082 (2nd Cir. 1988).  To guide this discretion, courts have considered a number of factors, including:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated [by severance]; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

***In re Merrill Lynch & Co, Inc. Research Reports Securities Litigation***, 214 F.R.D. 152, 155 (S.D.N.Y. 2003).[5]  ***See also*** **Moore's Federal Practice – Civil** § 21.05 (2002) ("In exercising its discretion under Rule 21, the court must consider principles of fundamental fairness and judicial efficiency.  As part of this inquiry, the court should consider whether an order under Rule 21 would prejudice any party, or would result in undue delay.") (footnotes and internal quotation marks omitted).  "In substance, then, this Court has broad discretion to sever claims and parties, so long as in doing so the Court furthers the aims of justice, promotes judicial economy and efficiency, and avoids prejudicing the rights of any party."  ***In re Merrill Lynch***, 214 F.R.D. at 155.

Considering these factors, I am persuaded that the balance weighs in favor of severance of the preemption claims.  Although the RICO and preemption claims broadly arise out of the same subject matter, they do not implicate the same transaction or occurrence.[6]  Indeed, the RICO claims by their very nature implicate fact-specific

---

[5] The court considered some of these same factors as well in ***WildEarth Guardians***.  ***See*** 2013 WL 503635 at *1-3.

[6] In their response to the motions, plaintiffs appear to suggest that the state official defendants are implicated in their RICO claims.  The Amended Complaint, which controls here, shows otherwise.

allegations of a particular enterprise, the development of which undoubtedly will involve a significant amount of discovery. By contrast, the preemption claims present a pure question of law as to which little or no discovery may be anticipated.

Nor do these matters present common questions of law, at least, not in the near term. Instead, a significant jurisdictional question hangs over plaintiffs' preemption claims. Without prejudging the pending motions to dismiss, but mindful of the United States Supreme Court's recent decision in ***Armstrong v. Exceptional Child Center, Inc.***, – U.S. –, 135 S.Ct. 1378, 1384, 191 L.Ed.2d 471 (2015), plaintiffs' standing to pursue Counts VII and VIII appears precarious. This same consideration further suggests that severance of these claims will promote judicial efficiency and potentially avoid prejudice to the implicated defendants. Indeed, the prospect that plaintiffs may lack standing to pursue these claims weighs heavily in the court's ultimate conclusion that severance is appropriate here.[7]

**THEREFORE, IT IS ORDERED** as follows:

1. That **State Defendants' Motion To Sever Count VII of Plaintiffs' Complaint Into a Separate Civil Action or, Alternatively, To Bifurcate That Claim** [#51], filed March 19, 2015, is granted

2. That the **Pueblo Defendants' Motion To Sever the Preemption Claims From Plaintiffs' Complaint or, Alternatively, To Bifurcate Those Claims** [#62], filed

---

[7] Although plaintiffs suggest that movants have an adequate remedy by way of interlocutory appeal under Rule 54(b), such motions are not routinely granted. ***See Livesay v. Shollenbarger***, 19 F.3d 1443 (10th Cir. 1994). Moreover, in suggesting that interlocutory appeal would be appropriate, plaintiffs essentially confess that the preemption claims are "separable from the others remaining to be adjudicated'" ***Stockman's Water Co., LLC v. Vaca Partners, L.P.***, 425 F.3d 1263, 1265 (10th Cir. 2005) (citation and internal quotation marks omitted).

April 1, 2015, is granted;

    3.  That pursuant to Fed. R. Civ. P. 21, Counts VII and VIII of the **First Amended Complaint** [#66], filed April 13, 2015, are severed; and

    4.  That Counts VII and VIII the **First Amended Complaint** [#66], filed April 13, 2015, shall be considered, determined, and, if necessary, tried, separately from the remaining Counts in this lawsuit.

    Dated July 14, 2015, at Denver, Colorado.

                            **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge