**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 1:15-cv-00349-REB-CBS

SAFE STREETS ALLIANCE,
PHILLIS WINDY HOPE REILLY, and
MICHAEL P. REILLY,

    Plaintiffs,

v.

**ALTERNATIVE HOLISTIC HEALING, LLC, d/b/a Rocky Mountain Organic,
JOSEPH R. LICATA,
JASON M. LICATA,
6480 PICKNEY, LLC,
PARKER WALTON,
CAMP FEEL GOOD, LLC,
ROGER GUZMAN,
BLACKHAWK DEVELOPMENT CORPORATION,
WASHINGTON INTERNATIONAL INSURANCE CO.,**
JOHN W. HICKENLOOPER, JR., in his official capacity as Governor of Colorado,
BARBARA J. BROHL, in her official capacity as Executive Director of the
Colorado Department of Revenue,
W. LEWIS KOSKI, in his official capacity as Director of the Colorado Marijuana
Enforcement Division, and
PUEBLO COUNTY LIQUOR & MARIJUANA LICENSING BOARD,

    Defendants.

---

## ORDER DENYING PLAINTIFFS' MOTION TO CONSOLIDATE

**Blackburn, J.**

    The matter before me is **Plaintiffs' Motion To Consolidate** [#9],[1] filed February

23, 2015.  Plaintiffs seek to consolidate this case with ***New Vision Hotels Two, LLC v.***

---

[1] "[#9]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

***Medical Marijuana of the Rockies, LLC, et al.***, Civil Case No. 1:15-cv-00350-MSK-MJW.[2]  As the district judge to whom the oldest numbered case involved in the proposed consolidation is assigned for trial, the issue whether to consolidate these matters falls to me for determination.  *See* **D.C.COLO.LCivR** 42.1.  I deny the motion.

The determination whether to consolidate cases is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides that, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions[.]" **FED. R. CIV. P.** 42(a)(2).  The purpose of the rule is to allow the court "to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties."  ***Breaux v. American Family Mutual Insurance Co.,*** 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, **FEDERAL PRACTICE AND PROCEDURE** § 2381 at 427 (2nd ed. 1995)).  The moving party has the burden to prove that consolidation in warranted.  ***Shump v. Balka***, 573 F.2d 1341, 1344 (10th Cir. 1978).  The ultimate decision whether to consolidate cases is committed to the sound discretion of the trial court.  ***Id.***

Plaintiffs do not argue – nor could they – that these cases involve common issues of fact.  Although both the claims alleged in this lawsuit and those in Chief Judge Krieger's case involve claims under the federal Racketeer Influenced and Corrupt

---

[2] Plaintiff Safe Streets Alliance originally also was a party plaintiff is 15-cv-00350-MSK-MJW.  It subsequently voluntarily dismissed its claims.  (*See* **Notice of Voluntary Dismissal of Plaintiff Safe Streets** [#77], filed June 15, 2015, in Civil Case No. 15-cv-00350-MSK-MJW.)

Organizations Act ("RICO), 18 U.S.C. §§ 1961 - 1968,[3] the alleged violations and conspiracies in the two cases are not factually related, involving distinct groups of defendants and unique circumstances. Instead, plaintiffs maintain that the cases should be consolidated because they present a common issue of law, namely, whether the cultivation and sale of recreational marijuana, although authorized by Colorado state law, nevertheless can form the basis of a RICO claim under federal law.

Although that issue undoubtedly is the crux of both cases, it is not presently before the court for resolution. Instead, the only pending motions presently before the court in this case are motions to dismiss under Rule 12(b). (*See* **Motion To Dismiss [Doc. #66]** [#77], filed April 27, 2015; **Defendant Washington International Insurance Company's Motion To Dismiss First Amended Complaint** [#81], filed April 30, 2015; **Motion To Dismiss** [#86], filed April 30, 2015.) Those motions address (as they must) whether plaintiffs' complaint sufficiently alleges the various elements of a RICO claim, most particularly, whether the First Amended Complaint adequately alleges a RICO injury (i.e., whether plaintiffs have standing) and/or a RICO enterprise. The motions to dismiss in Chief Judge Krieger's case address similar issues and likewise implicate the particular allegations of the operative complaint in that case.[4]

Accordingly, consolidating the two cases would not seem to promote efficiency

---

[3] I recently granted the motion to sever plaintiffs' claims against the state officials and the Pueblo County Liquor & Marijuana Licensing Board from the remainder of the claims in this lawsuit. (*See* **Order Granting Motion To Sever** [#114], filed July 14, 2015.) In considering the present motion, therefore, I consider only whether consolidation is appropriate as to the remaining RICO claims in this lawsuit.

[4] Plaintiff in Chief Judge Krieger's case recently filed a motion for summary judgment which squarely addresses the issue of the legality of Colorado's recreational marijuana law. By necessity, however, that motion presupposes that the operative complaint adequately pleads a claim under RICO, which simply returns the court to the present analysis.

for the parties or the court – indeed, if anything, it appears more likely to unnecessarily complicate resolution of both cases in their present postures. Whether plaintiffs' claims survive the motions to dismiss will require a thorough and fact-intensive review of the allegations of the First Amended Complaint. That analysis will not be made more efficient or efficacious by requiring consideration of the allegations of a different complaint implicating different allegations against different defendants. Although there may come a point in this litigation where consolidation to consider the ultimate question of the validity *vel non* of Colorado's recreational marijuana law, that point has not yet been reached, and I see nothing to be gained by prematurely consolidating the actions.

**THEREFORE, IT IS ORDERED** that **Plaintiffs' Motion To Consolidate** [#9], filed February 23, 2015, is denied.

Dated July 27, 2015, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge

4