# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 15-cv-00349-REB-CBS

SAFE STREETS ALLIANCE, et al,

    Plaintiffs,

v.

ALTERNATIVE HOLISTIC HEALING, LLC, et al,

    Defendants.

## ORDER DENYING MOTION TO STRIKE UNTIMELY OBJECTION

**Blackburn, J.**

The matter before me is defendants' **Motion To Strike Untimely Objection** [#133],[1] filed February 25, 2016. I deny the motion.

Defendants claim that **Plaintiffs' Objection to Magistrate Judge Recommendation on Private RICO Defendants' Motion To Dismiss** [#132], filed February 24, 2016, challenging the **Recommendation of United States Magistrate Judge** [#128], filed February 8, 206, should be stricken as untimely. Under Fed. R. Civ. P. 72(b)(2), a party has 14 days after service of the magistrate judge's recommendation to serve and file any objections thereto. As defendants correctly note, fourteen days from February 8, 2016, was February 22, 2016. Defendants thus conclude that plaintiffs' objection, filed February 24, 2016, is untimely.

However, defendants apparently neglected to consider the application of Rule

---

[1] "[#133]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

6(d), which codifies the common law "mailbox rule." Rule 6(d) provides in relevant part that "[w]hen a party may or must act within a specified time *after service* . . . 3 days are added after the period would otherwise expire under Rule 6(a)." **FED. R. CIV. P.** 6(d) (emphasis added).[2] Because Rule 72(b)(2) is keyed to the date of the service, this rule extended plaintiffs' time to respond by three days until February 25, 2016. Thus, their objections, submitted the day before the deadline, were timely. *Cf. Parker v. Board of Public Utilities of Kansas City, Kansas*, 77 F.3d 1289, 1290 (10th Cir. 1996) (mailbox rule inapplicable to deadline for filing timely motion under Rule 59(e), which is keyed to entry of date of judgment, not service).[3]

**THEREFORE, IT IS ORDERED** that defendants' **Motion To Strike Untimely Objection** [#133], filed February 25, 2016, is denied.

Dated March 1, 2016, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[2] Rule 6(d) specifies certain types of service to which the mailbox rule will apply. These include, importantly, service under Fed. R. Civ. P. 5(b)(2)(E), which provides for electronic service.

[3] Defendants provide no authority for their assertion that the additional time provided by Rule 6(d) does not apply when service is to the court, rather than between the parties, and I have found none. To the contrary, this court has consistently applied the rule in the context of serving objections to a recommendation of the magistrate judge. *See, e.g.*, *Escobar v. Holditch*, 2011 WL 3924970 at *1 n.1 (D. Colo. Sept. 6, 2011); *Lazarov v. Kimmel*, 2011 WL 588074 at *3 & n.2 (D. Colo. Feb. 9, 2011); *Kartiganer v. Newman*, 2010 WL 3928087 at *1 (D. Colo. Sept. 24, 2010); *Preacher v. Wiley*, 2010 WL 1753324 at *4 n.6 (D. Colo. Apr. 29, 2010); *Savajian v. Milyard*, 2010 WL 728219 at *3 n.2 (D. Colo. Feb. 25, 2010).