**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 1:15-cv-00349-REB-CBS

SAFE STREETS ALLIANCE,
PHILLIS WINDY HOPE REILLY, and
MICHAEL P. REILLY,

    Plaintiffs,

v.

ALTERNATIVE HOLISTIC HEALING, LLC, d/b/a Rocky Mountain Organic,
JOSEPH R. LICATA,
JASON M. LICATA,
6480 PICKNEY, LLC,
PARKER WALTON,
CAMP FEEL GOOD, LLC,
ROGER GUZMAN,
BLACKHAWK DEVELOPMENT CORPORATION,
WASHINGTON INTERNATIONAL INSURANCE CO.,

    Defendants.

## ORDER OVERRULING OBJECTIONS TO AND ADOPTING
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

    The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#128],[1] filed February 8, 2016; and (2) the related **Plaintiffs' Objection to Magistrate Judge Recommendation on Private RICO Defendants' Motions To Dismiss** [#132], filed February 24, 2016. I overrule the objections, adopt the recommendation, and grant the apposite motions to dismiss.

---

[1] "[#128]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation; plaintiffs' objection; the apposite motions, responses, and replies; and applicable caselaw. The recommendation is exquisitely detailed and exceptionally well-reasoned. So thoroughly has the magistrate judge considered and analyzed the issues raised by and inherent to the motions that any extended exegesis on my part would be little more than a festooned reiteration of his excellent work.

Plaintiffs' objection that the magistrate judge failed to draw reasonable inferences in their favor miscomprehends both the magistrate judge's analysis and plaintiffs' pleading burden. Among the various alleged injuries plaintiffs claim to have suffered as a result of defendants' marijuana cultivation activities, the only one that conceivably might confer RICO standing is plaintiffs' allegation that the market value of their property has declined. **See Ivar v. Elk River Partners, LLC**, 705 F.Supp.2d 1220, 1232 (D. Colo 2010) (RICO injury requires showing of "concrete financial loss, and not merely injury to a valuable intangible property interest") (citation and internal quotation marks omitted). (**See also Recommendation** at 18 [#128] (citing authorities).) Although plaintiffs need not *establish* facts at this stage of the proceedings, it is their burden to *aver* facts (as opposed to mere conclusions) to substantiate plausible claims. **See Ashcroft v. Iqbal**, 556 U.S. 662, 678 , 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 562, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007); **Robbins v. Oklahoma**, 519 F.3d 1242, 1247-48 (10th Cir. 2008); **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. 2007). Despite

plaintiffs' selective citation, nothing in the magistrate judge's recommendation required more.

Plaintiffs insist that the allegations of their complaint regarding the noxious order emanating from the marijuana grow operation near their property permit a reasonable inference that the value of their property is negatively impacted.[2] I cannot agree. Plaintiffs' allegations in this regard – apparently premised on an assumption that "everybody just knows it's true" – are insufficient to meet their pleading burden. Plaintiffs provide no factual support to quantify or otherwise substantiate their inchoate concerns as to the diminution in value of their property. They do not allege the land has been appraised for lesser value than before the grow operation opened. They point to no concrete evidence (as opposed to mere inchoate fears) that potential purchasers have expressed concern about living near such a facility, much less declined to buy lots in the neighborhood development nearby.[3] They do not even cite to any study or statistics that might demonstrate a causal relationship between the operation of such businesses and decreased property values. RICO standing, however, requires a showing of damages that are "clear and definite." ***Kaplan v. Reed***, 28 F.Supp.2d 1191,

---

[2] Plaintiffs' objection focuses entirely on the allegations of their complaint relating to the property at 6480 Pickney Road in Rye, Colorado. As the magistrate judge properly found, the allegations regarding plaintiff Safe Street Alliance's members who live near 2000 S. Dahlia Street in Denver, Colorado, are "remarkable for [their] lack of specificity." (**Recommendation** at 19 (citing **Second Am. Compl.** ¶ 92).) Plaintiffs' failure to object with specificity to those findings of the magistrate judge makes them reviewable only for plain error, of which I find none. ***Morales-Fernandez v. Immigration & Naturalization Service***, 418 F.3d 1116, 1122 (10th Cir. 2005).

[3] The magistrate judge's observation that plaintiffs' also have not alleged any effort to sell their property (***see* Recommendation** at 22) does not translate into a *de facto* requirement that plaintiffs cannot allege sufficiently concrete injury absent an attempted sale. The absence of such an allegation is simply one example of how the allegations of the complaint are not adequately substantiated by actual facts.

3

1205 (D. Colo. 1998). Plaintiffs' merely bare, unsupported conclusions as to the supposed effects of defendants' activities on the value of their property are wholly speculative and thus insufficient to permit a plausible inference of such clear and definite damage.[4]

Nothing in either **Gillmor v. Thomas**, 490 F.3d 791 (10th Cir. 2007), or **AMA Realty LLC v. 9440 Fairview Avenue LLC**, 2014 WL 1783099 (D.N.J. May 2, 2014), requires a different result. The magistrate judge cogently distinguished both cases on their facts. (**Recommendation** at 23-25.) As he explained, the landowner-plaintiffs in **Gillmor** alleged that the defendants refused to approve plans to develop their properties, which the defendants claimed were inconsistent with local zoning regulations. **Gillmor**, 490 F.3d at 795-97. The inability to follow through with those development plans clearly constituted a concrete injury sufficient to confer RICO standing. There is nothing comparable in the allegations of plaintiffs' complaint.[5] The decision in **AMA Realty** is even less helpful to plaintiffs, as the plaintiff in that case

---

[4] The cases on which plaintiffs rely are inapposite. In those instances, there were actual encumbrances on the plaintiffs' rights in the land which unequivocally impacted their property values. **See Vanderbilt Mortgage and Financing, Inc. v. Flores**, 735 F.Supp.2d 679, 699 (S.D. Tex. 2010) (fraudulent lien); **Pelfresne v. Village of Rosemont**, 22 F.Supp.2d 756, 765 (N.D. Ill. 2998) (improper eminent domain proceedings).

To the extent that the Tenth Circuit's decision in **Robbins v. Wilkie**, 300 F.3d 1208 (10th Cir. 2002), might be read to suggest otherwise, its interpretation of the nature of a plaintiff's pleading burden under Rule 12(b)(6) predates the Supreme Court's more recent clarification of the nature of allegations that are required to state a plausible claim for relief. **See id.** at 1211 (relying on Rule 8 in finding error in dismissing plaintiff's RICO claim as insufficient to allege damages as "confus[ing] the requirement to plead with particularity RICO acts predicated upon fraud pursuant to Rule 9(b) with Rule 8's more general notice pleading typically required of all litigants"). I therefore am not persuaded that **Robbins** remains good law in that discrete regard.

[5] That property owners in the area have entered into covenants with one another to preserve the value of their properties merely begs the question whether the value of the properties has been diminished.

4

actually had quantified its alleged damages. *See AMA Realty*, 2014 WL 1783099 at *4 (plaintiff alleged not only that it "incurred several million dollars of damage" but "also estimated its damages in conjunction with its proposed RICO case order, an optional filing equivalent to a supplemental pleading which summarizes damages with specificity") (citations and internal quotation marks omitted). Here again, there are no such substantive factual allegations in plaintiffs' complaint. I therefore concur with the magistrate judge that the motions to dismiss should be granted.

The magistrate judge recommends that this case be dismissed with prejudice. (*See* **Recommendation** at 27.) The currently operative pleading represents plaintiffs' third attempt to plead facts sufficient to state plausible RICO claims against defendants. Indeed, during the January 29 status conference in which the magistrate judge considered **Plaintiff's Motion for Leave To File Supplemental Complaint** ([#117], filed January 19, 2016),[6] counsel for defendants expressed concern that plaintiffs might seek leave to amend their complaint yet again. Queried directly by the magistrate judge whether the proposed supplement represented plaintiffs' "best horse to ride," counsel for plaintiffs affirmed that he did "not anticipate further developments that are likely to enhance our arguments."[7] Accordingly, even though the failure adequately to plead RICO standing is a pleading, rather than a jurisdictional, defect, *see **Lerner v. Fleet Bank, N.A.***, 318 F.3d 113, 116-17 (2nd Cir.), *cert. denied*, 124 S.Ct. 532 (2003),

---

[6] That proposed supplement ultimately was filed as plaintiffs' **Second Amended Complaint** [#126], filed February 1, 2016.

[7] These quotations are taken from the audio recording of the status conference, which recording the court has reviewed.

dismissal with prejudice is appropriate in these circumstances, *see Sheldon v. Vermonty*, 269 F.3d 1202, 1207 n.5 (10th Cir.2001).

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#128], filed February 8, 2016, is approved and adopted as an order of this court;

2. That the objections stated in **Plaintiffs' Objection to Magistrate Judge Recommendation on Private RICO Defendants' Motions To Dismiss** [#132], filed February 24, 2016, are overruled;

3. That the following motions are granted insofar as they argue plaintiffs' have failed to plead fact sufficient to demonstrate their standing to bring civil RICO claims:

   a. Defendants Blackhawk Development Corporation and Roger Guzman's **Motion To Dismiss [Doc #66]** [#77], filed April 27, 2015;

   b. **Defendant Washington International Insurance Company's Motion To Dismiss First Amended Complaint** [#81], filed April 30, 2015; and

   c. Defendants Alternative Holistic Healing; Joseph Licata; Jason Licata; 6480 Pickney, LLC; Parker Walton; and Camp Feel Good, LLC's **Motion To Dismiss** [#86], filed April 30, 2015;

4. That plaintiffs' claims are dismissed with prejudice;

5. That judgment with prejudice shall enter on behalf of defendants, Alternative Holistic Healing; Joseph Licata; Jason Licata; 6480 Pickney, LLC; Parker Walton; Camp Feel Good, LLC; Roger Guzman; Blackhawk Development Corporation; Washington International Insurance Company; and John Doe I, and against plaintiffs, Safe Streets

Alliance; Phillis Windy Hope Reilly; and Michael P. Reilly, on all claims for relief and causes of action asserted herein;

6. That defendants are awarded their costs, to be taxed by the clerk of the court in the time and manner provided by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

7. That this case is closed.

Dated March 21, 2016, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge