**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-00349-REB-MLC

SAFE STREETS ALLIANCE, et al.,

     Plaintiffs,

v.

ALTERNATIVE HOLISTIC HEALING, LLC, d/b/a Rocky Mountain Organic, et al.,

     Defendants.

---

**ORDER GRANTING DEFENDANT'S RENEWED MOTION
TO VACATE AND RE-SET THE TRIAL AND EXTEND THE
DEADLINES SET FORTH IN THE SCHEDULING ORDER**

---

**Blackburn, J.**

The matter before me is **Defendant's Renewed Motion To Vacate and Re-Set the Trial and Extend the Deadlines Set Forth in the Scheduling Order** [#210].[1] Filed February 8, 2018.  Plaintiffs oppose the request.  (**See Plf. Resp.** [#212], filed February 16, 2018.)  I grant the motion.

Presently, trial of this case is scheduled to begin July 23, 2018.  A combined Final Pretrial Conference and Trial Preparation Conference is set for July 10, 2018.  The expert disclosure deadline, originally set by Magistrate Judge Shafer in August 2017 for January 15, 2018 (**see Scheduling Order** at 10-11 [#181], filed August 22, 2017), was extended by thirty days by Magistrate Judge Carmen (**see Courtroom Minutes/Minute**

---

[1]  "[#210]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

**Order** [#201], filed January 22, 2018).  The magistrate judge did not grant defendants'

request for a 90-day extension because he was not authorized to extend the trial dates

established by this court.  Thus this motion.

The United States Court of Appeals for the Tenth Circuit has outlined four

primary factors that should be considered to determine if a continuance is necessary.

***See, e.g., Morrison Knudsen Corp. v. Fireman's Fund Insurance Co.***,175 F.3d

1221, 1230 (10th Cir. 1999).  The key relevant factors are:

> (1) the diligence of the party requesting the continuance; (2)
> the likelihood that the continuance, if granted, would
> accomplish the purpose underlying the party's expressed
> need for the continuance; (3) the inconvenience to the
> opposing party, its witnesses, and the court resulting from
> the continuance; [and] (4) the need asserted for the
> continuance and the harm that [movant] might suffer as
> result of the district court's denial of the continuance.

***United States v. Rivera***, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting ***United States***

***v. West***, 828 F.2d 1468, 1470 (10th Cir. 1987)).  Applied to the present case, these

factors augur in favor of a 90-day continuance of the trial and the combined Final

Pretrial Conference and Trial Preparation Conference.

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Defendant's Renewed Motion To Vacate and Re-Set the Trial and**

**Extend the Deadlines Set Forth in the Scheduling Order** [#210]. Filed February 8,

2018, is granted;

2.  That the expert disclosure deadline is extended to April 12, 2018;

3.  That the combined Final Pretrial Conference and Trial Preparation

Conference set for July 10, 2018, and the trial set to begin July 23, 2018, are vacated;

4.  That the combined Final Pretrial Conference and Trial Preparation

Conference is re-scheduled for October 4, 2018, at 1:30 p.m. (MDT);

5.  That the jury trial is re-scheduled to commence on October 29, 2018, at 8:30

a.m. (MDT);

6.  That the trial shall be scheduled for five (5) days;

7.  That the **Trial Preparation Conference Order** [#182], filed August 23, 2017,

is amended and supplemented accordingly.

Dated February 21, 2018, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge