**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 15-349

PHILLIS WINDY HOPE REILLY and MICHAEL P. REILLY,

       Plaintiffs

v.

6480 PICKNEY, LLC, PARKER WALTON, and CAMP FEEL GOOD, LLC,

       Defendants.

---

**FINAL PRETRIAL
ORDER**

---

**1.
DATE AND APPEARANCES**

The combined Final Pretrial Conference and Trial Preparation Conference

occurred on October 4, 2018 at 1:30p.m. (MDT). The following counsel appeared on

behalf of Plaintiffs Phillis Windy Hope Reilly and Michael P. Reilly ("Plaintiffs"):

David H. Thompson
Cooper & Kirk, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 220-9659

Brian W. Barnes
Cooper & Kirk, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 220-9623

The following counsel appeared on behalf of Defendants 6480 Pickney, LLC,

Parker Walton, and Camp Feel Good, LLC ("Defendants"):

Matthew Buck
Red Law LLC
445 Broadway Suite 126
Denver, CO 80203
(720) 507-1884

## 2.
## JURISDICTION

Plaintiffs seek damages and injunctive relief under the Racketeer Influenced and

Corrupt Organizations Act ("RICO"). Accordingly, the Court has subject matter

jurisdiction because this case presents a federal question. 28 U.S.C. § 1331. The Court

also has subject matter jurisdiction under 18 U.S.C. § 1964(a), which confers

"jurisdiction to prevent and restrain violations of [18 U.S.C. § 1962] by issuing

appropriate orders."

## 3.
## CLAIMS AND DEFENSES

With respect to Count I, the Court entered partial summary judgment that all

three remaining Defendants violated 18 U.S.C. § 1962(c). Accordingly, the only issues

to be decided by the jury for purposes of Count I are: (1) whether Plaintiffs' property

has been injured; (2) whether Defendants' conduct is the cause of any such injury;

and (3) the amount of Plaintiffs' damages. *Safe Streets Alliance v. Hickenlooper*, 859

F.3d 865, 881 (10th Cir. 2017). Plaintiffs bear the burden of proof, and they may

satisfy their burden by proving any of the following by a preponderance of the

evidence: (1) interference with their use and enjoyment of their property by recurring

emissions of noxious odors from Defendants' marijuana cultivation facility; (2) diminution in value of their property as a result of these same noxious odors; or (3) diminution in value of their property due to operation of Defendants' recreational marijuana grow in proximity to their property. *Id.* at 886–88; *see also* Order Granting Partial Summary Judgment at 11 n.14 (Aug. 1, 2018) [#230].

The Court also entered summary judgment with respect to Count V, ruling that Mr. Walton violated 18 U.S.C. § 1962(c). Count V is identical to Count I for purposes of the issues the Court did not resolve in its summary judgment ruling except that Mr. Walton is the only defendant. Accordingly, the issues to be decided by the jury for purposes of Count V are: (1) whether Plaintiffs' property has been injured; (2) whether Mr. Walton's conduct is the cause of any such injury; and (3) the amount of Plaintiffs' damages. *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 881 (10th Cir. 2017). Plaintiffs bear the burden of proof, and they may satisfy their burden by proving any of the following by a preponderance of the evidence: (1) interference with their use and enjoyment of their property by recurring emissions of noxious odors from Mr. Walton's marijuana cultivation facility; (2) diminution in value of their property as a result of these same noxious odors; or (3) diminution in value of their property due to operation of Mr. Walton's recreational marijuana grow in proximity to their property. *Id.* at 886–88; *see also* Order Granting Partial Summary Judgment at 11 n.14 (Aug. 1, 2018) [#230].

Plaintiffs do not intend to further pursue any of the other counts in the complaint.

7

**4.**
**STIPULATIONS**

1.      Defendants own the marijuana cultivation facility at 6480 Pickney, Rye, Colorado.

2.      Plaintiffs own three contiguous parcels of land—Lots 1, 2, and 6—in the Meadows at Legacy Ranch, Pueblo County, Colorado, located adjacent to Defendants' commercial marijuana cultivation facility.

3.      The eastern wall of Defendants' marijuana cultivation facility is 40 feet from Plaintiffs' property line.

4.      The center of Defendants' marijuana cultivation facility is 82 feet from Plaintiffs' property line.

5.      The parties stipulate to the authenticity of all exhibits on the Joint Exhibit List.

**5.**
**PENDING MOTIONS**

None.

**6.**
**WITNESSES**

a.   List the nonexpert witnesses to be called by each party.  List separately:

(1)      witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

Plaintiffs' Witnesses—

Phillis Windy Hope Reilly: Ms. Reilly is one of the Plaintiffs in this case. She will testify about the unpleasant odor emitted by Defendants' marijuana cultivation facility,

8

the stigma created by the facility, and how the facility has harmed her use and enjoyment of her property.

>    (2)    witnesses who may be present at trial if the need arises (see Fed. R.
>    Civ. P. 26(a)(3)(A)); and
>    Plaintiffs' Witnesses—

Michael P. Reilly: Mr. Reilly is one of the Plaintiffs in this case. If called, he will testify about the unpleasant odor emitted by Defendants' marijuana cultivation facility, the stigma created by the facility, and how the facility has harmed her use and enjoyment of his property.

>    Rodney K. Johnston: Mr. Johnston owns and lives on property near Defendants' marijuana cultivation facility. If called, he will testify about the unpleasant odor emitted by Defendants' marijuana cultivation facility and the stigma created by the facility.

>    Defendants' Witnesses—

Parker Walton

>    (3)    witnesses where testimony is expected to be presented by means of a
>    deposition and, if not taken steno graphically, a transcript of the pertinent
>    portions of the deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).
>    None.

>    b.    List the expert witnesses to be called by each party.  List separately:

>    (1)    witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));
>    Plaintiffs' Expert—

9

Stephen B. Billings: Plaintiffs will introduce Professor Billings' testimony to assist the jury in quantifying damages by describing and applying to the facts of this case scholarly literature on how foul odors and other nuisances affect nearby property values.

Defendants' Experts—

Melanie Bosarge – Defendants will call Melanie Bosarge. Ms. Bosarge will testify that there is no odor present at the property line between the Plaintiffs' and Defendants' property lines, and that any odor smelled is not originating from the Defendants' marijuana facility.

(2)    witnesses who may be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

Ivor Hill – Defendants may call Ivor Hill. If called Mr. Hill will testify that the highest and best use of land zoned A1, as the Plaintiff's land is zoned, is marijuana cultivation. Mr Hill will also testify that the Plaintiff's property was not lessened in value by the Defendant's legal activities.

(3)    witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony.  *See* Fed. R. Civ. P. 26(a)(3)(B).

If Defendants do not call their expert, Ivor Hill, to testify live and if he is otherwise not present at trial, Plaintiffs may seek to introduce segments of Mr. Hill's deposition testimony.

10

## 7.
## EXHIBITS

Consistent with the Court's Trial Preparation Order, the parties will submit one Joint Exhibit List at the outset of the Pretrial Conference. In collaborating on the Joint Exhibit List, the parties have exchanged exhibits. Any objections to exhibits must be served no later than 30 days prior to trial.

## 8.  DISCOVERY

Discovery has been completed.

## 9.
## SPECIAL ISSUES

None.

## 10.
## SETTLEMENT

a.   Counsel for the parties and any *pro se* party met by telephone on September 24, 2018 to discuss in good faith the settlement of the case.

b.   The participants in the settlement conference, included counsel, party representatives, and any *pro se* party.

c.   The parties were promptly informed of all offers of settlement.

d.   Counsel for the parties and any *pro se* party do not intend to hold future settlement conferences.

e.   It appears from the discussion by all counsel and any *pro se* party that there is no possibility of settlement.

f.   Counsel for the parties and any *pro se* party considered ADR in accordance with

11

D.C.COLO.LCivR.16.6.

**11.**
**OFFER OF JUDGMENT**

Counsel and any *pro se* party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure.  Counsel have discussed it with the clients against whom claims are made in this case.

**12.**
**EFFECT OF FINAL PRETRIAL ORDER**

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice.  The pleadings will be deemed merged herein.  This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

**13.**
**TRIAL AND ESTIMATED TRIAL TIME; FURTHER**
**TRIAL PREPARATION PROCEEDINGS**

1.      Trial in this case will be to a jury.

2.      Although the Court previously scheduled five days for trial, in light of the Court's summary judgment ruling counsel estimates that trial will be completed in three days.

12

3.      The trial will occur on the 10th Floor North of the Alfred A. Arraj, United

States Courthouse Annex, 901 19th Street, Denver, Colorado 80294.

Nunc Pro Tunc, October 4, 2018

                                        BY THE COURT:


                                        _____
                                        Robert E. Blackburn
                                        United States District Judge


APPROVED:

For Defendants:                                 For Plaintiffs:

s/ Matthew W. Buck                              s/ David H. Thompson
Matthew W. Buck                                 David H. Thompson
RED LAW                                         *Plaintiffs' Counsel of Record*
445 Broadway Suite 126                          COOPER & KIRK, PLLC
Denver, CO 80203                                1523 New Hampshire Avenue, N.W.
720-771-4511                                    Washington, D.C. 20036
matt@red.law                                    (202) 220-9600
                                                (202) 220-9601 (fax)
*Counsel for Defendants*                        dthompson@cooperkirk.com

                                                *Of Counsel*:
                                                Charles J. Cooper
                                                Peter A. Patterson
                                                Brian W. Barnes
                                                COOPER & KIRK, PLLC
                                                1523 New Hampshire Avenue, N.W.
                                                Washington, D.C. 20036
                                                (202) 220-9600

                                                *Counsel for Plaintiffs Phillis Windy Hope
                                                Reilly, and Michael P. Reilly*


13

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys who have entered appearances in this case.

s/ David H. Thompson
David H. Thompson

14