# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| _____ ) <br> PHILLIS WINDY HOPE REILLY and )<br>MICHAEL P. REILLY )<br> )<br>     _Plaintiffs_, )<br> )<br>     v. )<br> )<br>6480 PICKNEY, LLC, )<br>PARKER WALTON, and )<br>CAMP FEEL GOOD, LLC )<br> )<br>     _Defendants._ )<br>_____ ) | No. 15-349-REB-CBS |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
## CONTESTED JURY INSTRUCTION AND VERDICT FORM

After conferring in good faith on proposed jury instructions, the parties were unable to agree on the instruction concerning whether Plaintiffs have suffered an injury to their property for purposes of 18 U.S.C. § 1964(c). The Court should adopt Plaintiffs' proposed instruction on this issue because it closely tracks the key language from the Tenth Circuit's opinion in this case. These are the injuries alleged in the operative complaint that the Tenth Circuit said are cognizable under RICO:

> We therefore conclude that the Reillys can, at most, presently recover only for three types of property injuries that were plausibly pled in their Second Amended Complaint: (1) the interference with the Reillys' use and enjoyment of their land caused by the noxious odors emanating from the Marijuana Growers' operation; (2) the diminution in the land's value presently caused by those odors; and (3) the diminution in the land's value presently caused by the existence of that publicly disclosed, ongoing criminal enterprise adjacent to the Reillys' land.

*Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 889 (10th Cir. 2017). To further clarify the meaning of Plaintiffs' interest in the "use and enjoyment of their land" for purposes of the first of those three property injuries, Plaintiffs propose additional language that parallels the relevant definition in Black's Law Dictionary. *See* Black's Law Dictionary (10th ed. 2014) ("interest in the use and enjoyment of land": "The pleasure, comfort, and advantage that a person may derive from the occupancy of land. The term includes not only the interests that a person may have for residential, agricultural, commercial, industrial, and other purposes, but also interests in having the present-use value of the land unimpaired by changes in its physical condition.").

Rather than hewing to the Tenth Circuit's formulation of the three cognizable property injuries Plaintiffs allege, Defendants' competing instruction deviates from the court of appeals' standard in several important respects. First, borrowing from Colorado nuisance law, Defendants' instruction would direct the jury to find that Plaintiffs' interest in the use and enjoyment of their property has been injured only if Plaintiffs have suffered an "unreasonable and substantial" interference with that interest that outweighs the "utility" of Defendants' conduct. Although the Tenth Circuit looked to Colorado nuisance law to confirm that Plaintiffs have an interest in the use and enjoyment of their property, it did *not* make Plaintiffs' recovery in this federal RICO suit dependent upon a showing that Defendants' marijuana cultivation facility constitutes a nuisance under state law. To the contrary, the Tenth Circuit ruled that "whether the Reillys might have pursued separate nuisance claims is irrelevant to whether their § 1964(c) claims are viable." 859 F.3d, at 891. Directing the jury to consider the "utility" of Defendants'

conduct would be especially inappropriate in light of the Court's ruling on summary judgment that this conduct violates the federal drug laws and 18 U.S.C. § 1962(c).

Second, Defendants' proposed instruction conflates the first and second injuries the Tenth Circuit identified and could be read by the jury to mean that the odor emitted from the marijuana facility at issue only injures Plaintiffs' property to the extent that it *both* interferes with Plaintiffs' interest in the use and enjoyment of their property *and* diminishes the market value of Plaintiffs' property. As the passage quoted above shows, the Tenth Circuit took care to treat those two injuries as distinct, and Plaintiffs are entitled to prevail if they can establish either of them.

Third, several passages of Defendants' proposed instruction are confusing and could prompt the jury to apply the wrong standard. Nothing in the Tenth Circuit's opinion hints at any requirement that Plaintiffs show that Defendants' conduct is "intentional, negligent, or unreasonably dangerous," and in using that language Defendants' proposed instruction could cause the jury to wrongly impose such a requirement. Defendants' instruction says that Plaintiffs must prove diminishment in the value of their property caused by odor emitted from the facility "beyond a preponderance of the evidence," but Plaintiffs' burden is to establish this injury *to* a preponderance of the evidence—not beyond it. Defendants' proposed instruction also refers to "defendants' violation of the RICO statute" but does not explain that the Court has already found such a violation. An explanation of the Court's summary judgment ruling is needed to ensure that the jury will not take it upon itself to determine whether Defendants have

violated RICO's prohibition on operating an enterprise through a pattern of racketeering activity.

For all of these reasons, Plaintiffs urge the Court to adopt their proposed instruction on the issue of injury to property. The parties' disputes over the jury verdict form concern the same legal issues, and for the same reasons explained above the Court should use Plaintiffs' proposed form.

Date:  September 29, 2018                         Respectfully submitted,

*Of Counsel*:                                              s/ David H. Thompson
Charles J. Cooper                                    David H. Thompson
Peter A. Patterson                                   *Counsel of Record*
Brian W. Barnes                                      COOPER & KIRK, PLLC
COOPER & KIRK, PLLC                          1523 New Hampshire Avenue, N.W.
1523 New Hampshire Avenue, N.W.       Washington, D.C. 20036
Washington, D.C. 20036                         (202) 220-9659
(202) 220-9660                                        (202) 220-9601 (fax)
(202) 220-9601 (fax)                               dthompson@cooperkirk.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys who have entered appearances in this case.

s/ David H. Thompson
David H. Thompson
