UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

_____

SAFE STREETS ALLIANCE, et al.,                Civil Action: No. 15-349-REB-SKC

Plaintiffs,

v.

ALTERNATIVE HOLISTIC

HEALING, LLC, et al.,

Defendants.

_____

DEFENDANTS' OBJECTIONS IN RESPONSE TO PLAINTIFFS' FIRST SET OF
DEPOSITION DESIGNATIONS

Defendants object to Plaintiffs' attempt to proffer deposition testimony for use at trial from the Defendants' expert, Ivor Hill. As a general matter, of course, deposition testimony is hearsay, and Plaintiffs have not shown why this testimony falls into any hearsay exception, such as witness unavailability or party admissions. Mr. Hill appears on the Defendant's witness list, and lives in the state of Colorado and has not indicated his unavailability. Moreover, as set forth with particularity below, Plaintiffs' designations include testimony that otherwise lacks a proper foundation for admissibility. For these reasons Defendants objects to the admission of any of the deposition testimony from Mr. Hill.

## GENERAL OBJECTIONS

Defendant objects to each of Plaintiffs' designations as hearsay not subject to any exception. Federal Rule of Civil Procedure 32 codifies "the long-established principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness is not available to testify in person." *Wright & Miler 8A Fed. Prac. & Proc.* Civ.2d 2142.

For example In *Six West Retail Acquisition, Inc. v. Loews Cineplex Entertainment Corp.* 286 RR. 239, 250 (S.D. N.Y. 2002), a party tried to introduce deposition testimony of a witness "located in Japan." The court excluded the testimony because there was no indication that the witness was unavailable to testify or that his statements were made against his interest. *Id.*

None of Plaintiffs designations fall into a hearsay exception. Mr. Hill appears on the Defendants witness list, and therefore the Plaintiffs cannot claim that Mr. Hill is

unavailable to testify at trial, and Plaintiffs have not provided any evidence showing that any of the witnesses are in fact unavailable.

In addition, Plaintiffs do not claim, and cannot claim, that any of the witnesses are adverse parties to it in this litigation. See *Mark IV Prop., Inc. v. Club Development Mgt. Corp.* 12 RR. 854, 859 (S.D. Cal. 1981) (equating "adverse party" with a party to the litigation). Mr. Hill is not a party to the lawsuit, was at no time an employee of the Defendants, and there is no hearsay exception for available witnesses.

Defendants object to each of Plaintiffs' designations of Mr. Hill's testimony to the extent they include inadmissible testimony, as Mr. Hill is not a party to the litigation, and is not unavailable.

DATED: October 1, 2018

RESPECTFULLY SUBMITTED,
/S Matthew W. Buck
RED LAW
445 Broadway Suite 126
Denver, CO 80203
matt@red.law
720-771-4511

## CERTIFICATE OF SERVICE

I, Matthew W. Buck, hereby certify that on October 1, 2018, I served the opposing parties with a copy of the foregoing OBJECTION to the Plaintiffs deposition designations.

/S Matthew W. Buck