UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

_____

SAFE STREETS ALLIANCE, et al.,     Civil Action: No. 15-349-REB-SKC

Plaintiffs,

v.

ALTERNATIVE HOLISTIC

HEALING, LLC, et al.,

Defendants.

_____

DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR JURY INSTRUCTION AND VERDICT FORM

Defendants assert that this court should use its proferred jury instructions and verdict form for the following reasons.

1. The jury instructions and verdict forms submitted by the Plaintiff do not hew with the injuries as laid out by the tenth circuit.
2. The tenth held that the Plaintiffs were able to recover for three separate, cognizable injuries. *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 885 (10th Cir. 2017).
3. The two injuries which the tenth held that the Plaintiffs can recover under were:
    a. Odorous nuisance injury
    b. Diminished Property Value from odor
    c. Diminished Property Value from an illegal enterprise being operated next door.
4. There is not a federal theory that allows the Plaintiffs to recover for the common law injuries they are attempting to recover under, therefore state law applies here.
5. The language of the jury instructions that the Defendants have presented was lifted directly from the Tenth circuit's opinion that remanded this case to its present state at the district court.
6. Contrary to what the Plaintiffs allege in their memorandum, the tenth circuit not only required that the Plaintiffs prove that the Defendants behavior rises to the level of a nuisance claim, the tenth circuit admonished the defendants for an inability to establish that the Plaintiffs did not have state law property rights.

7. The Marijuana Growers have not pointed us to any authority suggesting that a landowner's complaints about a neighbor's recurrent emissions of foul odors are conceptually unmoored from the owner's property rights. Nor do they contend that Colorado's recognition of odorous nuisances is any novel departure from the common law of property rights, which Congress incorporated into § 1964(c). See Beck, 529 U.S. at 504, 120 S.Ct. 1608. *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 886 (10th Cir. 2017).

8. That passage is a dependent clause to the preceding paragraph, which describes the elements of a state-law nuisance claim, the underlying theory of relief as it relates to odors here.

9. Under Colorado law, "the elements of a claim of nuisance are an intentional, negligent, or unreasonably dangerous activity resulting in the unreasonable and substantial interference with a plaintiff's use and enjoyment of her property." *Van Wyk*, 27 P.3d at 391. Thus, "a plaintiff must establish that the defendant has unreasonably interfered with the use and enjoyment of her property," which is "an issue of fact" determined by "weigh [ing] the gravity of the harm and the utility of the conduct causing that harm." Id. (citations omitted). "Generally, to be unreasonable, an interference must be significant enough that a normal person in the community would find it offensive, annoying, or inconvenient." Id. (citations omitted). *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 886 (10th Cir. 2017).

10. The Defendants are not denying that this court has held that the Defendants violated the RICO statute, they are only stating, as the Tenth circuit has, that

violating RICO is not a claim for relief. There must be some boat by which the Plaintiffs claims sail.

11. The Defendants proposed jury verdict form aligns with the injuries codified by the Tenth as to what injuries the Plaintiffs may recover for.

12. [T]he Reillys can, at most, presently recover only for three types of property injuries that were plausibly pled in their Second Amended Complaint: (1) the interference with the Reillys' use and enjoyment of their land caused by the noxious odors emanating from the Marijuana Growers' operation; (2) the diminution in the land's value presently caused by those odors; and (3) the diminution in the land's value presently caused by the existence of that publicly disclosed, ongoing criminal enterprise adjacent to the Reillys' land. *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 889 (10th Cir. 2017).

13. The Plaintiffs proposed verdict form is confusing, and does not align with the Tenth circuits holding.

14. This court should present options for responsibility of the Defendants that mirror the Tenth circuit's ruling.

DATED: October 1, 2018

RESPECTFULLY SUBMITTED,
/S Matthew W. Buck
RED LAW
445 Broadway Suite 126
Denver, CO 80203
matt@red.law
720-771-4511

4

## **CERTIFICATE OF SERVICE**

I, Matthew W. Buck, hereby certify that on October 1, 2018, I served the opposing parties with a copy of the foregoing MEMORANDUM IN SUPPORT OF JURY INTRUCTIONS AND VERDICT.

/S Matthew W. Buck