**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

_____
                                    )
PHILLIS WINDY HOPE REILLY and       )
MICHAEL P. REILLY                   )
                                    )
    *Plaintiffs*,                   )
                                    )
    v.                              )    No. 15-349-REB-CBS
                                    )
6480 PICKNEY, LLC,                  )
PARKER WALTON, and                  )
CAMP FEEL GOOD, LLC                 )
                                    )
    *Defendants*.                   )
_____ )

**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS
TO DEPOSITION DESIGNATIONS [#237]**

Defendants object to Plaintiffs' designation of excerpts of the deposition testimony of their property appraisal expert, Ivor Hill. *See* Defendants' Objections in Response to Plaintiffs' First Set of Deposition Designations (Oct. 1, 2018) [#237]. Defendants argue that Mr. Hill is available to testify at trial and that his deposition testimony is therefore inadmissible hearsay. But Defendants listed Mr. Hill as a witness who "*may* be present at trial," Proposed Pretrial Order at 10 (Sept. 27, 2018) [#233] (emphasis added), and they have offered no assurances that Mr. Hill will actually attend.

If Mr. Hill is not present at trial, his deposition testimony will be admissible under Federal Rule of Civil Procedure 32(a)(4). Under that rule, deposition testimony is admissible if "the witness is more than 100 miles from the place of . . . trial . . . , unless it appears that the witness's absence was procured by the party offering the deposition."

1

This Court has interpreted that rule to mean what it says: "A party may use at trial the deposition of a witness, whether or not a party, if the witness . . . is more than 100 miles from the place of trial." *Merlin v. Crawford*, 2016 WL 814580, at *2 (D. Colo. Mar. 2, 2016). When a deponent is more than 100 miles from the place of trial, the deposition testimony is admissible "even if the witness lives within the state and would thus be subject to a subpoena under Rule 45." *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 2014 WL 358866, at *3 (D. Colo. Jan. 31, 2014).

During his deposition, Mr. Hill testified that he lives in Rye, Colorado, which is located in southern Pueblo County. Deposition Transcript of Ivor Hill at 38–39 (Exhibit 1). Whether measured in terms of driving distance or as the crow flies, Rye is more than 100 miles from the Denver courthouse where the trial in this case will occur. *See* Exhibit 2 (Google Maps screen capture). Mr. Hill's deposition testimony will thus be admissible to the extent that he is not present at trial.

Date: October 2, 2018

Respectfully submitted,

*Of Counsel*:
Charles J. Cooper
Peter A. Patterson
Brian W. Barnes
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9660
(202) 220-9601 (fax)

s/ David H. Thompson
David H. Thompson
*Counsel of Record*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9659
(202) 220-9601 (fax)
dthompson@cooperkirk.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys who have entered appearances in this case.

s/ David H. Thompson<br>
David H. Thompson