IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

_____ )
                                    )
PHILLIS WINDY HOPE REILLY and       )
MICHAEL P. REILLY                   )
                                    )
            *Plaintiffs*,            )
                                    )
        v.                           )    No. 15-349-REB-CBS
                                    )
6480 PICKNEY, LLC,                  )
PARKER WALTON, and                  )
CAMP FEEL GOOD, LLC                 )
                                    )
            *Defendants.*            )
_____ )

## **PLAINTIFFS' PRETRIAL BRIEF**

Plaintiffs respectfully submit this pretrial brief to outline their positions on two evidentiary issues that may arise at trial. First, the Court should exclude Pueblo County property tax records under Federal Rules of Evidence 402 and 403 because these records provide no genuine insight into whether Defendants' marijuana cultivation facility has diminished the market value of Plaintiffs' adjacent property. Second, the Court should limit Defendants to a presentation of the evidence they identified in response to Plaintiffs' contention interrogatory and prevent Defendants from asking their experts to offer opinions that have not already been disclosed as required by Federal Rule of Civil Procedure 26(a)(2). Although these are the most significant evidentiary issues that Plaintiffs anticipate, this brief is offered without prejudice to Plaintiffs raising additional evidentiary objections as appropriate at trial.

1

### I. The Court Should Exclude Pueblo County Tax Assessment Records Because They Are Irrelevant and Likely to Confuse the Jury.

One of the key factual issues the jury must decide is whether there has been a "diminution in the value (or in defendants' case, increase in value) of plaintiffs' land as a result of being located proximate to defendants' marijuana grow operation." Order Re: Summary Judgment Motions at 11 (Aug. 1, 2018) [#230] ("SJ Op."). To support their position on this issue, Defendants included Pueblo County tax assessment documents on the joint exhibit list. These documents show that the tax valuation of Plaintiffs' property has increased since Defendants constructed their adjacent marijuana cultivation facility. Plaintiffs' understanding is that Defendants intend to ask the jury to infer from these tax documents that Defendants' racketeering activity has not diminished the market value of Plaintiffs' property.

But this inference is only rational if Pueblo County actually considers the effects of nearby harmful land uses when assigning and adjusting property values for tax purposes. If, instead, the County simply applies an algorithm that does not attempt to account for changes in property value caused by new odorous and stigmatized land uses nearby, then the tax assessment documents are irrelevant to whether Defendants' marijuana cultivation facility has diminished the value of Plaintiffs' adjacent land.

The relevance of Defendants' tax assessment documents thus depends on how Pueblo County values property for tax purposes. Under Federal Rule of Evidence 104(b), "[w]hen the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist." Before admitting the tax assessment documents into evidence, the Court should require Defendants to proffer

2

admissible evidence that supports the proposition that Pueblo County tax officials consider nearby harmful land uses when setting and adjusting property values. Plaintiffs do not believe that Defendants have any such evidence. Indeed, when Plaintiffs asked Defendants' appraisal expert, Ivor Hill, about this issue during his deposition, he testified that Pueblo County's Tax Assessor would not have considered Defendants' marijuana cultivation facility when determining the taxable value of Plaintiffs' property:

> Q: In your knowledge of the way Pueblo County does tax assessments, . . . would the county have tackled this question we've been talking so much about of whether the 6480 Pickney marijuana facility diminishes the value of Lot 1 which the Reillys own?
>
> A: No. . . . I'll tell you now they won't have.

App. 4–5 (Hill Tr. 216:22–217:7).

Mr. Hill's testimony shows that the tax assessment documents are irrelevant and should be excluded under Federal Rule of Evidence 402. Furthermore, even if Defendants could establish that the tax assessment documents are somehow marginally relevant, the documents should still be excluded under Federal Rule of Evidence 403 because they threaten to "confus[e] the issues" and "mislead[ ] the jury." These documents are official records prepared by a governmental entity, and the jury might be misled into using them as a basis for finding no damages even though they provide no genuine insight into how Defendants' marijuana cultivation facility has affected the value of Plaintiffs' property.

## II. The Court Should Not Permit Defendants to Introduce Evidence Related to Damages That Was Not Disclosed in Discovery.

Although the Court denied Plaintiffs' motion for summary judgment with respect to diminished property value, it observed that "defendants' evidence on this point is somewhat thin." SJ Op. 11. Indeed, Defendants' property appraisal expert agreed with Plaintiffs during his deposition. Especially in light of that expert's attempt to change the substance of his deposition testimony and introduce new expert opinions via an errata sheet this Court struck, Plaintiffs are concerned that Defendants may attempt to present previously undisclosed evidence and expert opinions at trial. The Court should not allow Defendants to do so.

Plaintiffs served an interrogatory on Defendants asking them to identify "every basis for Defendants' contention" that "Plaintiffs' property is uninjured whatsoever" by Defendants' racketeering activity. App. 11 (Interrogatory No. 4) (quotation marks omitted). Defendants responded by producing only three documents, which show how the Pueblo County Tax Assessor valued one of Plaintiffs' three parcels of land in 2014, 2015, 2016, and 2017. App. 11–12 (Interrogatory Response No. 4); App. 19 (Pueblo County Assessor Valuations). Defendants had a duty to update that response in a timely manner to the extent that it was inaccurate or incomplete, but they never served a supplemental response. *See* FED. R. CIV. P. 26(e)(1). Furthermore, discovery in this case closed on May 29, 2018, and it would be extraordinarily prejudicial to Plaintiffs for Defendants to be permitted to present new evidence relevant to damages that Plaintiffs did not have an opportunity to explore through discovery. *See* Order Extending Deadlines (Feb. 21, 2018) [#213]; Scheduling Order (Aug. 22, 2017) [#181]. Whether through lay testimony or

otherwise, Defendants should not be permitted to present evidence on the issue of damages that goes beyond the scope of their answer to Plaintiffs' contention interrogatory. *See* FED. R. CIV. P. 37(c).

The Court should also limit the testimony of Defendants' experts on direct examination to the opinions they disclosed in their reports. Plaintiffs have attached those reports to this brief for the Court's convenience. *See* App. 23 (Hill Appraisal of Defendants' Cultivation Facility); App. 108 (Hill Appraisal of Plaintiffs' Lot 1); App. 125 (Hill Rebuttal Report); App. 132 (Bosarge Report). Notably absent from Mr. Hill's reports is any discussion of whether Plaintiffs overpaid for their property when they originally acquired it. Mr. Hill attempted to introduce an opinion on that issue in his errata sheet, and the Court refused to allow him to do so. *See* SJ Op. 14 n.17 ("That this belated conclusion appears nowhere in Mr. Hill's expert report further buttresses my conclusion that the errata must be stricken."). The Court should not permit Defendants to elicit testimony from Mr. Hill on that issue or any other issue with respect to which his opinions were not previously disclosed. *See* FED. R. CIV. P. 37(c)(1); *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

Date: October 22, 2018

*Of Counsel*:
Charles J. Cooper
Peter A. Patterson
Brian W. Barnes
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600

Respectfully submitted,

s/ David H. Thompson
David H. Thompson
*Plaintiffs' Counsel of Record*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com

*Counsel for Plaintiffs Phillis Windy Hope Reilly and Michael P. Reilly*

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys who have entered appearances in this case.

s/ David H. Thompson
David H. Thompson
